UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARIE MODERWELL, etc.,** | ) | CASE NO. 1:19CV613 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CUYAHOGA COUNTY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #73) of Defendant Kenneth Mills to Stay Civil Proceedings Pending Disposition of Two Criminal Cases. For the following reasons, the Motion is denied.

**I. BACKGROUND**

In June of 2018, Larry Johnson committed suicide while an inmate in the Cuyahoga County Corrections Center. On March 19, 2019, Plaintiff Marie Moderwell, as administrator and personal representative of Johnson's estate, filed her original Complaint; and on September 24, 2019, filed her Amended Complaint against the County, certain County executives, corrections officers and medical professionals pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that Mills, the Regional Director of Corrections, is liable for: (1) Failure to Supervise, Train and Take Corrective Measures Causing Constitutional Violations; (2) Custom, Policy or Practice Causing Constitutional Violations; and (3) Cruel and Unusual Punishment for Failure to Provide Reasonable Adequate Medical Care.

Mills was named in Indictments handed down in Cuyahoga County Common Pleas Court on January 25, 2019 and October 23, 2019. The latter case remains pending. Mills contends that the criminal matter and the instant lawsuit arise out of the same underlying facts. Mills further insists that he cannot defend himself here without compromising his Fifth Amendment rights in the state criminal case.

Therefore, Mills seeks a stay of the above-captioned proceedings pending the resolution of the criminal case against him.

## II. ANALYSIS

A court presiding over a civil matter has broad discretion to stay litigation when a related criminal action is pending which involves a clear overlap of factual and legal issues. *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D.Mich. 2007). However, such an extraordinary remedy should only be exercised "when justice so requires." *Id*.

The relief that Mills seeks is extreme because he wants to halt an entire case and not just the proceedings against him. The above-captioned case involves eighteen other Defendants and a number of as yet unidentified John Does. Fact discovery is ongoing with a cut-off date of September 28, 2020. Plaintiff acknowledges that she has requested little, if any, documentary discovery from Mills. She recognizes that Defendants Cuyahoga County and MetroHealth System are the true keepers of relevant records.

The Court recognizes the significant right of an individual like Defendant Mills to be protected from self-incrimination, and further recognizes the obvious overlap of factual and legal issues in the state and federal cases. While the Court possesses the discretionary authority to manage its docket, Mills has not offered sufficient justification for the Court to stay the entirety of the proceedings in this matter.

Weighing the competing interests here, the Court denies Mills' application for a stay. If and when Plaintiff chooses to direct discovery requests to Mills individually or to take his oral deposition, the Court may re-visit this issue. At the appropriate time, the Court will address any Fifth Amendment protection arguments that are presented in a tailored fashion by written motion.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #73) of Defendant Kenneth Mills to Stay Civil Proceedings Pending Disposition of Two Criminal Cases is denied.

**IT IS SO ORDERED.**

**DATE: July 17, 2020**

                                            s/Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**