**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **MARIE MODERWELL, etc.,** | ) | **CASE NO. 1:19CV613** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **CUYAHOGA COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |


<u>**CHRISTOPHER A. BOYKO, J.**</u>:

   This matter comes before the Court upon the Motion (ECF DKT #75) for Judgment on

the Pleadings as to Individual Capacity Claims against Defendants Armond Budish, Clifford

Pinkney, George Taylor and Brandy Carney.  For the following reasons, the Motion is granted

in part and denied in part.

**I. BACKGROUND**

   In June of 2018, Larry Johnson committed suicide while housed as a pretrial detainee

in the Cuyahoga County Corrections Center.  On March 19, 2019, Plaintiff Marie Moderwell,

as administrator and personal representative of Johnson's estate, filed her original Complaint;

and on September 24, 2019, filed her Amended Complaint against the County, certain County

executives, corrections officers and medical professionals pursuant to 42 U.S.C. § 1983.

Plaintiff identifies Budish as the Cuyahoga County Executive at the time of the relevant events in the Amended Complaint.  Pinkney was the Cuyahoga County Sheriff.  Taylor served as the immediate assistant to Pinkney; while Carney was the Cuyahoga County Chief Safety Protection Officer.

Plaintiff alleges that Budish, Pinkney, Taylor and Carney knew or should have known of Larry Johnson's serious medical condition, that is, he was suicidal.  These Defendants' "policies, procedures, lack of training and costumes [sic] adopted and/or promulgated under color of state law showed deliberate indifference" to Plaintiff's decedent's serious medical needs.  Budish, Pinkney, Taylor, and Carney "encouraged, authorized, approved, or knowingly acquiesced" to the unlawful and unconstitutional conduct of the agents, employees and personnel under their direction, supervision, and control at the Cuyahoga County Corrections Center.  Further, Budish, Pinkney, Taylor, and Carney were allegedly responsible for the intentional overcrowding of the jail and for the regular denial to inmates of access to adequate medical care.  Specifically, Budish's efforts to regionalize the County jail compounded the dangerous conditions there, leading to the death of Johnson and other inmates housed in the Cuyahoga County Corrections Center.

According to Plaintiff's Amended Complaint, when Larry Johnson entered the jail, he stated that he was suicidal.  After Johnson allegedly tried to steal food from the commissary, he was placed in "lock-up" without any assessment, treatment, referral to a doctor, or consideration of his medical or psychological needs.  On June 29, 2018, Larry Johnson was found hanging in "lock-up" and he died on July 1, 2018.

-2-

Defendants Budish, Pinkney, Taylor and Carney move for judgment in their favor on the pleadings.  They argue that Plaintiff's Amended Complaint fails to allege facts to support an excessive force claim against them; fails to set forth sufficient facts to establish that Defendants were deliberately indifferent to Johnson's serious medical needs; and fails to state a plausible claim for supervisory liability.  In addition, Defendants assert that they are entitled to qualified immunity as to all of Plaintiff's claims.

## II. LAW AND ANALYSIS

### Motion for Judgment on the Pleadings - Standard of Review

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.  Fed.R.Civ.P. 12(c).  In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . .  We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'"  *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir. 2007) (citations omitted).  The pleading does not have to demonstrate probability; rather, "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim."  *Haber v. Rabin*, No. 1:16CV546, 2016 WL 3217869, at *3 (N.D.Ohio Jun.10, 2016), citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

The court's decision "rests primarily upon the allegations of the complaint;" however, "exhibits attached to the complaint [] also may be taken into account."  *Barany-Snyder v*

*Weiner,* 539 F.3d 327, 332 (6th Cir. 2008) (citation omitted) (brackets in the original).

The court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). The complaint must state a plausible claim for relief. "Plausibility is a context-specific inquiry, and the allegations in the complaint must 'permit the court to infer more than the mere possibility of misconduct,' namely, that the pleader has 'show[n]' entitlement to relief." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

**Constitutional Protections  - Pretrial Detainee**

The parties do not dispute that Larry Johnson was a pretrial detainee in the Cuyahoga County Corrections Center. Plaintiff's Amended Complaint seeks damages for violations of the Eighth and Fourteenth Amendments to the United States Constitution. Defendants argue that Plaintiff cannot maintain the First, Second and Third Claims for cruel and unusual punishment under the Eighth Amendment.

The Eighth Amendment protects prisoners by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). The Eighth

-4-

Amendment's protections, however, apply specifically to post-conviction inmates.  *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992).  The Due Process Clause of the Fourteenth Amendment extends those same protections to pretrial detainees.  *Thompson v. County of Medina*, *Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).  Although they are based on violations of the Fourteenth Amendment, the claims of pretrial detainees are analyzed under the same rubric as Eighth Amendment claims brought by prisoners.  *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

Thus, although legally analyzed the same, Defendants are correct that Plaintiff properly must seek relief under the Fourteenth Amendment and not under the Eighth Amendment.

### *Monell* liability

In the Second Claim for Relief, Plaintiff attempts to assert liability under *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978) against Defendants Budish, Pinkney, Taylor and Carney in their individual capacities.  The Court agrees with Defendants that this aspect of the Second Claim for Relief fails.

In *Monell*, the Supreme Court clarified those "persons" Congress intended should fall within the purview of 42 U.S.C. § 1983.  As the Supreme Court instructed over a decade later in *Collins v City of Harker Heights, Texas*, 503 U.S. 115, 120-21 (1992):  "Section 1983 provides a remedy against "any person" who, under color of state law, deprives another of rights protected by the Constitution.  In *Monell*, the Court held that Congress intended municipalities and other local government entities to be included among those persons to whom § 1983 applies."

Defendants are not moving for dismissal of the *Monell* claim against Cuyahoga County at this time, acknowledging that *Monell* is "an avenue to hold a governmental entity liable for constitutional violations committed by its officials or employees."  (ECF DKT #75-1 at 12).

However, the Court determines that Plaintiff's individual capacity *Monell* allegations in the Second Claim for Relief cannot stand.

**Excessive Force**

Defendants argue that Plaintiff's Excessive Force claims are insufficient.  Defendants assert that the Amended Complaint does not allege when force was used against Larry Johnson, what manner of force was employed nor who specifically used force against him.

Plaintiff counters that Larry Johnson communicated that he was suicidal to staff, guards and medical personnel.  Nevertheless, Johnson was placed in the "hole" or an isolated cell for hours, where he was not regularly observed and where he was ultimately found hanging.  Moreover, there was no tool or device nearby to cut him down when he finally was discovered.  Plaintiff directs the Court to ¶ 74 of the Amended Complaint:

> During his period of detention the Defendants including but not limited to the County, **Budish**, **Pinkney**, **Taylor**, Ivey, Mills, **Carney**, Anter Miller, Ronald Channell, Joseph Johnston, and Kurt Emerson, purposefully, maliciously, wantonly and/or with deliberate indifference to and/or callous and reckless disregard for his rights, health, and safety, as demonstrated above **used, participated in, or authorized the use of excessive force** and/or failed to provide medical care, failed to prevent or acquiesced in the disregard for the medical condition of Larry Johnson for an excessive period of time while he struggled with mental health issues and suicide.  (Emphasis added).

The Supreme Court has clarified how to assess pretrial detainees' excessive force claims, requiring a court to inquire into whether a plaintiff shows "that the force purposely or

-6-

knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, ——
U.S. ——, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015) (cited in *Coley v. Lucas County*,
799 F.3d 530, 538 (6th Cir. 2015)).  The inquiry is fact-intensive and must take into
consideration the need to manage the facility, to preserve internal order and discipline and to
maintain institutional security.  *Kingsley*, 135 S.Ct. at 2473.  Most importantly, pretrial
detainees cannot be subject to excessive force that amounts to punishment because they
"cannot be punished at all."  *Id*. at 2475.

The Court finds that Plaintiff's allegations of excessive force as against Budish,
Pinkney, Taylor and Carney are too thin and generalized.  Aside from the bare recitation that
Larry Johnson was confined to "lock-up" or the "hole" or an isolation cell, the Amended
Complaint lacks identification of a specific Defendant and fails to allege how any of these
moving Defendants particularly were involved in the decision to isolate Larry Johnson in
disregard of his medical/psychological needs.  Plaintiff's allegations do not permit the Court
to infer plausible entitlement to relief on the Excessive Force Claim against Defendants
Budish, Pinkney, Taylor and Carney.  Therefore, the Excessive Force Claim is dismissed as
against the moving Defendants.

**Deliberate Indifference**

Where a § 1983 claim of deliberate indifference to serious medical needs is asserted
on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment once
again is the proper starting point.  *See City of Revere v. Mass. Gen. Hosp*., 463 U.S. 239, 244
(1983) ("[T]he due process rights of a [pre-trial detainee] are at least as great as the Eighth
Amendment protections available to a convicted prisoner.").  Of particular relevance here,

prison officials' deliberate indifference violates an inmate's rights "[w]hen the indifference is manifested by ... prison guards in intentionally denying or delaying access to medical care" for a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97 (1976).

A constitutional claim for deliberate indifference to serious medical needs requires a showing of both objective and subjective components; and Defendants contend that Plaintiff's allegations in the Amended Complaint are deficient in this regard.

In their Motion, Defendants assert that Plaintiff's Deliberate Indifference Claim is lacking any factual allegations to support an inference that Defendants subjectively perceived a risk of harm to Larry Johnson, yet deliberately ignored this risk.  Defendants contend that Plaintiff fails to allege that Defendants ever met Larry Johnson, spoke with him, or reviewed documents that would have alerted them to a serious health issue.  Moreover, Plaintiff makes no allegations that Defendants ordered or directed any corrections or nursing staff to take specific action toward Larry Johnson when he was in the County Jail.

In the Amended Complaint, Plaintiff alleges in relevant part:

¶ **43.**  Cuyahoga County Corrections Center is operating under a state of constant

crisis, endangering the health and safety of Detainees/Inmates and staff alike on a

daily

basis.  CCCC is underfunded, understaffed, poorly administered, and intentionally

overcrowded, giving rise to a chaotic and perilous environment inside the jail walls.

. . .  Defendants have long been on notice of the horrific conditions and constitutional

deprivations occurring daily at CCCC, yet have failed to timely or effectively remedy

the deplorable state of affairs.

-8-

¶ 55.  Despite known issues with staff, safety, and healthcare at the Cuyahoga County Corrections Center from 2017-2018 and numerous years prior including conditions that lead to the death of Sean Levert all Defendants acted with deliberate indifference and went ahead with the plans for "regionalization."  This was an affirmative action that made terrible conditions even worse and that directly lead to the death of Larry Johnson.

¶ 60.  There was a crisis at the jail, however, that all Defendants willfully, purposefully, and deliberately ignored the issues. [sic]  The [sic] took affirmative actions to make it worse. This includes but not limited to the County, Budish, Pinkney, Taylor, Ivey, Mills, Carney, Anter Miller, Ronald Channell, Joseph Johnston, and Kurt Emerson.  Eric Ivey, as warden took additional affirmative action to make matters worse including lock down of inmates and "red zoning' of inmates and denying inmates food as punishment.  These very issues contributed to and caused Larry Johnson's death.

¶ 87.  All Defendants including, but not limited to the County, Budish, Pinkney, Taylor, Ivey, Mills, and Carney acted with deliberate indifference towards inmates by:

*   *   *   *   *   *

c. Failing and/or refusing to provide timely competent medical and mental health assessment, evaluation, care, treatment, referral, and intervention for mentally and physically ill detainees, which resulted in serious injury or death;

**d.** Failing and/or refusing to monitor a detainee's medical and mental

health condition, which resulted in serious injury or death;

\*  \*  \*  \*  \*  \*

 "An official is deliberately indifferent if he or she 'knows of and disregards an

excessive risk to inmate health or safety.'"  *Bishop v. Hackel*, 636 F.3d 757, 766-767 (6th Cir.

2011)(quoting *Farmer*, 511 U.S. at 828-829).  If the facts in the Amended Complaint are

accepted as true, reasonable County and prison officials would have understood that

overcrowding, combined with the failure to monitor and assess the physical and mental

condition of detainees, could pose a risk to the detainees' health and safety.

Accordingly, at this stage of the proceedings, the Court concludes that Plaintiff has

sufficiently alleged a § 1983 claim of deliberate indifference to serious medical needs.

**<u>Supervisory liability</u>**

"A supervisor cannot be held liable simply because he or she was charged with

overseeing a subordinate who violated the constitutional rights of another."  *Peatross v City*

*of Memphis*, 818 F.3d 233, 241-42 (6th Cir. 2016).   The Sixth Circuit has long held that

supervisory liability requires some "active unconstitutional behavior" on the part of the

supervisor.  *Id*.; *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999); *see also Hays v.*

*Jefferson Cty*., 668 F.2d 869, 873–74 (6th Cir.1982).  "However, "active" behavior does not

mean "active" in the sense that the supervisor must have physically put his hands on the

injured party or even physically been present at the time of the constitutional violation."

*Peatross*, 818 F.3d at 241-42.  "[A] supervisory official's failure to supervise, control or train

the offending individual is not actionable unless the supervisor either encouraged the specific

-10-

incident of misconduct or in some other way directly participated in it." *Id.; Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  At the very least, the plaintiff must show that the defendant " implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."  *Peatross, id.*; *Shehee, id.*

Defendants contend that Plaintiff's allegations of supervisory liability are insufficient to survive dismissal.  According to Defendants, Plaintiff proffers vague allegations that Defendants purportedly mismanaged the jail through allegedly bad policies or decisions, without making any connection between these decisions and Plaintiff's death.  Plaintiff does not identify for the Court or Defendants the specific actions each Defendant allegedly took that deprived Larry Johnson of his constitutional rights.

Plaintiff counters that the facts laid out in the Amended Complaint demonstrate that Defendants had key roles in implementing and maintaining the policies under which the Cuyahoga County Corrections Center operated, including the provision of medical services, the hiring of appropriate staff, and the maintenance of minimum sanitary and living conditions.  The May 2018 minutes from County Council meetings near in time to Larry Johnson's detention evidence awareness by Defendant Budish and others of  issues with staff, safety, and healthcare at the Cuyahoga County Corrections Center from 2017-2018 and years prior, including conditions that led to inmate suicides.  Nonetheless, the County went forward with plans to regionalize the County Jail, which only exacerbated the problems of overcrowding and understaffing and led to the neglect of inmates' health and safety needs.

Defendants were each personally responsible for failing or refusing  to initiate and maintain adequate training, supervision, and staffing; failing to maintain proper and adequate

policies, procedures and protocols; and for ratifying the unlawful actions of officers, deputies, medical providers, personnel and employees under their direction, supervision, and control at the County Jail.  Through the exercise of their supervisory job functions, Defendants Budish, Pinkney, Taylor and Carney authorized, approved or knowingly acquiesced in violations of Larry Johnson's constitutional rights.

Whether or not Plaintiff will ultimately prevail at trial, at this stage of the proceedings the Court finds that the facts alleged in the Amended Complaint set forth a plausible Supervisory Liability Claim.

## **Qualified Immunity**

Defendants Budish, Pinkney, Taylor and Carney assert that they are entitled to the defense of qualified immunity.

The doctrine of qualified immunity is "available to government officials performing discretionary functions." *Painter v. Robertson*, 185 F.3d 557, 566 (6th Cir. 1999).  The doctrine provides "immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S.194, 200-201.  A government official will be entitled to immunity from suit as long as his conduct does not violate "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Painter*, 185 F.3d at 567.

"The test is whether, reading the complaint in the light most favorable to the plaintiff, it is plausible that an official's acts violated the plaintiff's clearly established constitutional right." *Heyne v. Metro Nashville Pub. Sch.*, 655 F.3d 556, 562-63 (6th Cir. 2011).

The Court has already concluded that Plaintiff has plausibly alleged that the individual Defendants violated Larry Johnson's rights under the Fourteenth Amendment by their

deliberate indifference to his serious medical needs.  Taking Plaintiff's factual allegations as true and drawing all inferences in Plaintiff's  favor, the Amended Complaint alleges that each of these Defendants was personally involved in the conditions of Larry Johnson's confinement in the Cuyahoga County Corrections Center.

The Sixth Circuit has recognized that while "insubstantial claims against government officials should be resolved as early in the litigation as possible, . . . it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity."  *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).  Moreover, the Sixth Circuit has held that although "an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12."  *Wesley v. Campbell*, 779 F.3d 421, 433-434 (6th Cir. 2015).

Therefore, dismissal of the individual claims against Defendants Budish, Pinkney, Taylor and Carney based on qualified immunity is improper at this juncture.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #75) for Judgment on the Pleadings as to Individual Capacity Claims against Defendants Armond Budish, Clifford Pinkney, George Taylor and Brandy Carney is granted in part and denied in part.

**IT IS SO ORDERED.**

**DATE: August 14, 2020**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

-13-