UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARIE MODERWELL, etc.,** ) | **CASE NO. 1:19CV613** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **CUYAHOGA COUNTY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #76) of Defendants Joseph Johnston, Ronald Channell, Anter Miller and Kurt Emerson for Partial Judgment on the Pleadings. For the following reasons, the Motion is granted in part and denied in part.

**I. BACKGROUND**

In June of 2018, Larry Johnson committed suicide while housed as a pretrial detainee in the Cuyahoga County Corrections Center. On March 19, 2019, Plaintiff Marie Moderwell, as administrator and personal representative of Johnson's estate, filed her original Complaint; and on September 24, 2019, filed her Amended Complaint against the County, certain County executives, corrections officers and medical professionals pursuant to 42 U.S.C. § 1983.

Defendants Johnston, Channell, Miller and Emerson are corrections officers who were working in the Cuyahoga County Corrections Center in 2018.

According to Plaintiff's Amended Complaint, when Larry Johnson entered the jail, he stated that he was suicidal. After Johnson allegedly tried to steal food from the commissary, he was placed in "lock-up" without any assessment, treatment, referral to a doctor, or consideration of his medical or psychological needs. On June 29, 2018, Larry Johnson was found hanging in "lock-up" and he died on July 1, 2018.

Defendants Johnston, Channell, Miller and Emerson move for judgment in their favor on the pleadings. They contend that Plaintiff's Amended Complaint fails to allege facts to support an excessive force claim against them; fails to state a cognizable Eighth Amendment claim; and alleges a defective *Monell* cause of action against the Corrections Defendants in their individual capacities. In addition, Defendants assert that they are entitled to qualified immunity as to all of Plaintiff's claims.

## II. LAW AND ANALYSIS

**Motion for Judgment on the Pleadings - Standard of Review**

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d

383, 389 (6th Cir. 2007) (citations omitted). The pleading does not have to demonstrate probability; rather, "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Haber v. Rabin*, No. 1:16CV546, 2016 WL 3217869, at *3 (N.D.Ohio Jun.10, 2016), citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

The court's decision "rests primarily upon the allegations of the complaint;" however, "exhibits attached to the complaint [] also may be taken into account." *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir. 2008) (citation omitted) (brackets in the original).

The court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). The complaint must state a plausible claim for relief. "Plausibility is a context-specific inquiry, and the allegations in the complaint must 'permit the court to infer more than the mere possibility of misconduct,' namely, that the pleader has 'show[n]' entitlement to relief." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

**Constitutional Protections  - Pretrial Detainee**

The parties do not dispute that Larry Johnson was a pretrial detainee in the Cuyahoga County Corrections Center. Plaintiff's Amended Complaint seeks damages for violations of

the Eighth and Fourteenth Amendments to the United States Constitution. Defendants argue that Plaintiff cannot maintain the First, Second and Third Claims for cruel and unusual punishment under the Eighth Amendment.

The Eighth Amendment protects prisoners by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). The Eighth Amendment's protections, however, apply specifically to post-conviction inmates. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992). The Due Process Clause of the Fourteenth Amendment extends those same protections to pretrial detainees. *Thompson v. County of Medina*, *Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). Although they are based on violations of the Fourteenth Amendment, the claims of pretrial detainees are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

Thus, although legally analyzed the same, Defendants are correct that Plaintiff properly must seek relief under the Fourteenth Amendment and not under the Eighth Amendment.

### *Monell* liability

In the Second Claim for Relief, Plaintiff attempts to assert liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) against Defendants Johnston, Channell, Miller and Emerson in their individual capacities. The Court agrees with Defendants that this aspect of the Second Claim for Relief fails.

In *Monell*, the Supreme Court clarified those "persons" Congress intended should fall within the purview of 42 U.S.C. § 1983. As the Supreme Court instructed over a decade later in *Collins v City of Harker Heights, Texas*, 503 U.S. 115, 120-21 (1992): "Section 1983 provides a remedy against "any person" who, under color of state law, deprives another of rights protected by the Constitution. In *Monell*, the Court held that Congress intended municipalities and other local government entities to be included among those persons to whom § 1983 applies."

Defendants are not moving for dismissal of the *Monell* claim against Cuyahoga County at this time, acknowledging that *Monell* is "an avenue to hold a governmental entity liable for constitutional violations committed by its officials or employees." (ECF DKT #76-1 at 8).

However, the Court determines that Plaintiff's individual capacity *Monell* allegations in the Second Claim for Relief cannot stand.

**Excessive Force**

Defendants argue that Plaintiff's Amended Complaint offers only general allegations that Defendants used excessive force on Larry Johnson when he was in the County's custody. Defendants assert that the Amended Complaint does not allege when force was used against Larry Johnson, what manner of force was employed nor who specifically used force against him.

Plaintiff counters that Larry Johnson communicated that he was suicidal to staff, guards and medical personnel. Nevertheless, Johnson was placed in the "hole" or an isolated cell for hours, where he was not regularly observed and where he was ultimately found

hanging. Moreover, there was no tool or device nearby to cut him down when he finally was discovered.

In relevant part, Plaintiff 's Amended Complaint alleges:

¶ 39. Defendants Anter Miller, Ronald Channell, Joseph Johnston, and Kurt Emerson were guards and/or prison staff who were directly responsible for Decedent on June 29, 2018 and despite knowing Decedent had a serious medical condition of potential suicide acted with deliberate indifference to that serious medical need and left him alone and isolated for hours. They failed to check on him at regular intervals.

¶ 60. There was a crisis at the jail, however, that all Defendants willfully, purposefully, and deliberately ignored the issues. The [sic] took affirmative actions to make it worse. This includes but not limited to the County, Budish, Pinkney, Taylor, Ivey, Mills, Carney, Anter Miller, Ronald Channell, Joseph Johnston, and Kurt Emerson. Eric Ivey, as warden took additional affirmative action to make matters worse including lock down of inmates and "red zoning' of inmates and denying inmates food as punishment. These very issues contributed to and caused Larry Johnson's death.

¶ 65. On June 29, 2018 at about 8:30 Decedent Larry Johnson was in the medical unit at the Cuyahoga County Corrections Center after allegedly trying to steal food from the commissary. Likely because of the well documented unconstitutional conditions regarding sanitation and food at the CCCC which include actions and direction directly taken by Eric Ivey he was then placed in "lock-up" without any assessment, treatment, referral to a doctor, or even consideration that he was a suicide

risk. This was done based on police [sic], practice, costume [sic] and lack of training and in violation of Larry Johnson's constitutional rights. Eric Ivey has been known to deprive food to inmates and that is likely what caused Larry Johnson to try and steal food and then be place [sic] in lockup. Eric Ivey has also been known not to take inmates suicide contemplation seriously and this also lead to Larry Johnson being placed in "lock-up."

**¶ 74.** During his period of detention the Defendants including but not limited to the County, Budish, Pinkney, Taylor, Ivey, Mills, Carney, Anter Miller, Ronald Channell, Joseph Johnston, and Kurt Emerson, purposefully, maliciously, wantonly and/or with deliberate indifference to and/or callous and reckless disregard for his rights, health, and safety, as demonstrated above used, participated in, or authorized the use of excessive force and/or failed to provide medical care, failed to prevent or acquiesced in the disregard for the medical condition of Larry Johnson for an excessive period of time while he struggled with mental health issues and suicide.

The Supreme Court has clarified how to assess pretrial detainees' excessive force claims, requiring a court to inquire into whether a plaintiff shows "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, ––– U.S. –––, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015) (cited in *Coley v. Lucas County*, 799 F.3d 530, 538 (6th Cir. 2015)). The inquiry is fact-intensive and must take into consideration the need to manage the facility, to preserve internal order and discipline and to maintain institutional security. *Kingsley*, 135 S.Ct. at 2473. Most importantly, pretrial detainees cannot be subject to excessive force that amounts to punishment because they

"cannot be punished at all." *Id*. at 2475.

Liberally construing Plaintiff's allegations, the Court can reasonably infer that the Correction Defendants placed detainee Larry Johnson in an isolated cell without regular monitoring as punishment.  At this stage of the proceedings, accepting Plaintiff's facts as true and drawing all reasonable inferences in Plaintiff's favor, the Court concludes that Plaintiff has sufficiently alleged a § 1983 claim of excessive force as against the Correction Defendants, Johnston, Channell, Miller and Emerson.

**Qualified Immunity**

Defendants Johnston, Channell, Miller and Emerson  assert that they are entitled to the defense of qualified immunity.

The doctrine of qualified immunity is "available to government officials performing discretionary functions." *Painter v. Robertson*, 185 F.3d 557, 566 (6th Cir. 1999).  The doctrine provides "immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S.194, 200-201.  A government official will be entitled to immunity from suit as long as his conduct does not violate "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Painter*, 185 F.3d at 567.

"The test is whether, reading the complaint in the light most favorable to the plaintiff, it is plausible that an official's acts violated the plaintiff's clearly established constitutional right."  *Heyne v. Metro Nashville Pub. Sch.*, 655 F.3d 556, 562-63 (6th Cir. 2011).

The Court has already concluded that Plaintiff has plausibly alleged that the individual Defendants violated Larry Johnson's rights under the Fourteenth Amendment by subjecting Johnson to excessive force   —   locking him down in isolation as punishment, without

monitoring and without consideration for his suicidal tendencies. Taking Plaintiff's factual allegations as true and drawing all inferences in Plaintiff's favor, the Amended Complaint alleges that each of these Defendants were personally involved in the conditions of Larry Johnson's confinement in the Cuyahoga County Corrections Center.

The Sixth Circuit has recognized that while "insubstantial claims against government officials should be resolved as early in the litigation as possible, . . . it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Moreover, the Sixth Circuit has held that although "an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Wesley v. Campbell*, 779 F.3d 421, 433-434 (6th Cir. 2015).

Therefore, dismissal of the individual claims against Defendants Johnston, Channell, Miller and Emerson based on qualified immunity is improper at this juncture.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #76) of Defendants Joseph Johnston, Ronald Channell, Anter Miller and Kurt Emerson for Partial Judgment on the Pleadings is granted in part and denied in part.

**IT IS SO ORDERED.**

**DATE: August 14, 2020**

 s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge